IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-02030-CMA-KMT

CLINTON J. DAWSON, and
JANELL DAWSON,

    Plaintiffs,

v.

GOLDMAN SACHS & COMPANY,

    Defendant.

---

**ORDER DENYING PLAINTIFFS' MOTION TO ALTER JUDGMENT**

---

Plaintiffs Clinton and Janell Dawson's Motion to Alter Judgment (Docs. 112 and 113) Pursuant to F.R.C.P. 59 (Doc. # 117) relies upon the Motion to Alter Judgment in *Dawson v. Litton Loan Servicing, LP*, No. 12–cv–01334–CMA–KMT, 2014 WL 4821373 (D. Colo. Sept. 29, 2014) ("Litton Litigation"). Because Plaintiffs' tortious interference with a contract and Colorado Consumer Protection Act ("CCPA") claims were based upon a theory of derivative liability for Litton's actions and because the Court denied Plaintiffs' Motion to Alter Judgment in the Litton Litigation, the Court denies Plaintiffs' Motion in the instant case.

## I. BACKGROUND

The facts and background of this case are set forth in detail in *Dawson v. Goldman Sachs & Co.*, No. 13-CV-02030-CMA-KMT, 2014 WL 5465127 (D. Colo. Oct. 27, 2014), the order from which Plaintiffs seek relief, and need not be reiterated here.

On October 27, 2014, the Court granted Defendant Goldman Sachs & Company's Motion to Dismiss Second Amended Complaint partly because three of Plaintiffs' claims—tortious interference with a contract and/or expectancy; intentional infliction of emotional distress; and violation of CCPA—were the same claims the Court dismissed in the Litton Litigation. Because these three claims against Goldman Sachs were based upon a theory of derivative liability for Litton's actions, Plaintiffs' claims in the instant case failed as a matter of law.

On November 24, 2014, Plaintiffs filed a Motion to Alter Judgment. (Doc. # 117.) Defendant did not file a response.

## II.  DISCUSSION

A litigant may seek to amend an adverse judgment under Rule 59(e) when there is "(1) an intervening change in controlling law, (2) new evidence previously unavailable; and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). However, it is inappropriate for a motion to reconsider to revisit issues previously litigated based on facts that were available at the time of the underlying motion. *Id.* In short, a Rule 59 motion is "appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Id.*

In the instant case, Plaintiffs argue that the Court's ruling in the Litton Litigation was in error and, thus, because the Court relied on the Litton Litigation in dismissing Plaintiff's tortious interference and CCPA claims, the Court's ruling in this case is also in error. Plaintiffs assert that, in their Motion to Amend in the Litton Litigation, they showed

that the Court's opinion was inconsistent with the testimony of Chris Wyatt, a former Litton executive.  On August 7, 2015, this Court denied Plaintiffs' Motion to Alter Judgment in the Litton Litigation because Plaintiffs merely attempted to relitigate arguments previously rejected by the Court, using evidence that was available to the Court at the time it ruled on summary judgment.  Because Plaintiffs' tortious interference and CCPA claims were based upon a theory of derivative liability for Litton's actions and because the Court denied Plaintiffs' Motion to Alter Judgment in the Litton Litigation, the Court denies Plaintiffs' Motion in the instant case.

### III.  CONCLUSION

Accordingly, it is hereby ORDERED that Plaintiffs' Motion to Alter Judgment (Doc. # 117) is DENIED.

DATED:  August 12, 2015

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Court Judge